**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| QUALTEQ, INC., | ) | Case No. 12-05861 (ERW) |
| d/b/a VCT NEW JERSEY, INC., *et al.*,[1] | ) | |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | |

**NOTICE OF THE LIQUIDATOR'S MOTION
FOR ENTRY OF AN ORDER (A) GRANTING A FINAL
DECREE CLOSING THE CHAPTER 11 CASE OF AVADAMMA LLC
(CASE NO. 11-12577) AND (B) GRANTING RELATED RELIEF**

**PLEASE TAKE NOTICE** that on December 23, 2014, at 9:30 a.m. (prevailing Central Time) or as soon thereafter as counsel may be heard, we shall appear before the Honorable Eugene R. Wedoff in Courtroom 744 in the United States Courthouse, 219 South Dearborn Street, Chicago, Illinois, or before any other judge who may be sitting in his place and stead, and present the *Liquidator's Motion for Entry of an Order (A) Granting a Final Decree Closing the Chapter 11 Case of Avadamma LLC (Case No. 11-12577) and (B) Granting Related Relief* (the "Motion"), at which time and place you may appear if you so desire.

**PLEASE TAKE FURTHER NOTICE** that, you may obtain additional information concerning the above-captioned chapter 11 cases at the website maintained in these chapter 11 cases at http://www.phaseeleven.com/qualteq/.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: (a) Qualteq, Inc., d/b/a VCT New Jersey, Inc. (4600); (b) 1400 Centre Circle, LLC (7091); (c) 5200 Thatcher, LLC (6991); (d) 5300 Katrine, LLC (6016); (e) Anar Real Estate, LLC (9267); (f) Automated Presort, Inc. (0850); (g) Avadamma LLC (4775; 4800; 4810; 4829); (h) Creative Automation Company (4350); (i) Fulfillment Xcellence, Inc. (3461); (j) Global Card Services, Inc. (4581); (k) Unique Data Services, Inc. (1068); (l) Unique Embossing Services, Inc. (1043); (m) Unique Mailing Services, Inc. (2594); (n) Versatile Card Technology, Inc. (5258); (o) Veluchamy LLC (3434); and (p) Vmark, Inc. (5904).

Dated:  December 18, 2014                    Respectfully Submitted,

                                             /s/ David L. Eaton
                                             James H.M. Sprayregen, P.C. (IL Bar No. 6190206)
                                             David L. Eaton (IL Bar No. 3122303)
                                             Ryan Preston Dahl (IL Bar No. 6292645)
                                             **KIRKLAND & ELLIS LLP**
                                             300 North LaSalle Street
                                             Chicago, Illinois  60654
                                             Telephone: (312) 862-2000
                                             Facsimile:  (312) 862-2200

                                             *Counsel to the Liquidator*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| QUALTEQ, INC., ) | Case No. 12-05861 (ERW) |
| d/b/a VCT NEW JERSEY, INC., *et al.*,[1] ) | |
| ) | Jointly Administered |
| Debtors. ) | |
| ) | Hearing Date: December 23, 2014 at |
| ) | 9:30 a.m. (prevailing Central Time) |

**LIQUIDATOR'S MOTION FOR
ENTRY OF AN ORDER (A) GRANTING A FINAL
DECREE CLOSING THE CHAPTER 11 CASE OF AVADAMMA LLC
(CASE NO. 11-12577) AND (B) GRANTING RELATED RELIEF**

Fred C. Caruso, solely in his capacity as the liquidator (the "Liquidator") in the chapter 11 case of Avadamma LLC ("Avadamma"), one of the above-captioned Debtors, files this motion (this "Motion") for the entry of an order, substantially in the form attached hereto as **Exhibit A**: (a) granting a final decree closing Avadamma's chapter 11 case (Case No. 11-12577) (the "Avadamma Case"); and (b) granting related relief. In support of this Motion, the Liquidator respectfully states as follows:[2]

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: (a) Qualteq, Inc., d/b/a VCT New Jersey, Inc. (4600); (b) 1400 Centre Circle, LLC (7091); (c) 5200 Thatcher, LLC (6991); (d) 5300 Katrine, LLC (6016); (e) Anar Real Estate, LLC (9267); (f) Automated Presort, Inc. (0850); (g) Avadamma LLC (4775; 4800; 4810; 4829); (h) Creative Automation Company (4350); (i) Fulfillment Xcellence, Inc. (3461); (j) Global Card Services, Inc. (4581); (k) Unique Data Services, Inc. (1068); (l) Unique Embossing Services, Inc. (1043); (m) Unique Mailing Services, Inc. (2594); (n) Versatile Card Technology, Inc. (5258); (o) Veluchamy LLC (3434); and (p) Vmark, Inc. (5904).

[2] Capitalized terms used but not defined herein shall have the meanings set forth in the *Chapter 11 Trustee's First Amended Joint Plan of Liquidation for Qualteq, Inc., d/b/a VCT New Jersey, and Certain of Its Affiliated Chapter 11 Debtors Pursuant to Chapter 11 of the Bankruptcy Code (With Technical Amendments)* (Docket No. 1530) (the "Plan").

KE 34333980

## Jurisdiction

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory basis for the relief requested herein are sections 105(a) and 350(a) of title 11 of the United States Code, 11 U.S.C. §§101-1532 (the "Bankruptcy Code"), Rule 3022 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3022-1 of the Local Bankruptcy Rules of the United States Bankruptcy Court for the Northern District of Illinois (the "Local Rules").

## Background

### A. Avadamma Case Timeline

4. On August 14, 2011, each of the Debtors except for Anar Real Estate, LLC ("Anar") filed their petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Delaware Bankruptcy Court"). On September 11, 2011, Anar filed its petition for relief with the Delaware Bankruptcy Court.

5. On August 25, 2011, the United States Trustee (the "U.S. Trustee") appointed the official committee of unsecured creditors (the "Committee").

6. On February 16, 2012, the Delaware Bankruptcy Court transferred venue to the United States Bankruptcy Court for the Northern District of Illinois (the "Court").

7. On April 5, 2012, Bank of America, N.A., filed the *Motion to Appoint a Chapter 11 Trustee* [Docket No. 202], and on May 2, 2012, the Court entered the *Order Granting Motion for Appointment of a Chapter 11 Trustee* [Docket No. 334].

8. On May 9, 2012, the U.S. Trustee filed an application to appoint Fred C. Caruso as chapter 11 trustee in the Debtors' chapter 11 cases, and on May 10, 2012, the Court entered an

order approving Fred C. Caruso's appointment as the Trustee [Docket No. 351], thereby taking the Debtors and their assets out of possession and placing their assets and businesses under the Trustee's control.

9. On April 23, 2013, the Court entered an order (the "Confirmation Order") [Docket No. 1555] confirming the Plan for each Debtor other than Creative Investments, a General Partnership ("Creative").[3] The effective date of the Plan (the "Initial Effective Date") occurred on May 3, 2013, with respect to each Debtor other than Avadamma. On June 27, 2013, the Effective Date occurred with respect to Avadamma (together with the Initial Effective Date, the "Plan Effective Dates"). See *Notice of Occurrence of Effective Date for Avadamma LLC* [Docket No. 1798].

10. On the Plan Effective Dates, in accordance with the Plan, the Liquidator was appointed under the terms of that certain *Liquidator Agreement* [Docket No. 1524] to effectuate the wind down, dissolution, and liquidation of the Debtors' estates for the applicable Debtors.

### B.  Pending Matters

11. As of the date hereof, the Plan has been substantially consummated with respect to Avadamma. The Liquidator has resolved all open actions and claims against Avadamma and has made substantially all distributions with respect to the Avadamma Case in accordance with the Plan. No motions, contested matters, adversary proceedings, or claims remain unresolved in Avadamma's chapter 11 case. To date, the only items remaining open (collectively, the "Pending Matters") are: (a) completion of final tax returns for 2014 for each of Avadamma's four parcels of real properties that were sold pursuant to orders entered by the Court on March 5,

---

[3]  Pursuant to the *Order Dismissing Creative's Chapter 11 Case (Creative Investments)* [Docket No. 8], Case No. 12-05882, the Court dismissed Creative's chapter 11 case on September 23, 2014.

5

2013 [Docket No. 1275], March 20, 2013 [Docket Nos .1384, 1385], and March 27, 2013 [Docket No. 1424]; (b) payment of an Illinois replacement tax in the amount of approximately $173,000; (c) payment of tax preparation services in the amount of approximately $16,000; (d) reimbursement for professional fees in the amount of approximately $33,000 to Fulfillment Xcellence, Inc. ("FXI"), one of the above-captioned Debtors, on account of fees that were previously budgeted and incurred by Avadamma but disbursed by FXI; and (e) final payment of accrued but unpaid U.S. Trustee fees. The Liquidator anticipates that the Pending Matters will be finalized and distributed within the next several weeks.

### Relief Requested

12.     By this Motion, the Liquidator seeks entry of an order: (a) granting a final decree closing the Avadamma Case; and (b) granting related relief. For the avoidance of doubt, by this Motion the Liquidator seeks only the entry of a final decree solely with respect to the Avadamma Case. The Liquidator does not seek to close any cases of the other Debtors at this time.

### Basis for Relief

13.     Section 350(a) of the Bankruptcy Code provides that "[a]fter an estate is fully administered and the court has discharged the trustee, the court shall close the case." 11 U.S.C. § 350(a). Bankruptcy Rule 3022 implements the Bankruptcy Code's requirements, providing similarly that "[a]fter an estate is fully administered in a chapter 11 reorganization case, the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case." Fed. R. Bankr. P. 3022.

14.     The term "fully administered" is not defined in the Bankruptcy Code or Bankruptcy Rules. The 1991 Advisory Committee Notes to Bankruptcy Rule 3022 (the "Advisory Notes") set forth certain factors that should be considered when evaluating whether a case has been fully administered. These factors are:

      a.    whether the order confirming the plan has become final;

      b.    whether deposits required by the plan have been distributed;

      c.    whether the property proposed by the plan to be transferred has been transferred;

      d.    whether the debtor or the successor to the debtor under the plan has assumed the business or the management of the property dealt with by the plan;

      e.    whether payments under the plan have commenced; and

      f.    whether all motions, contested matters, and adversary proceedings have been finally resolved.

See, e.g., In re McClelland 377 B.R. 446, 453 (Bankr. S.D.N.Y. 2007) (noting that the Advisory Notes "list a number of factors for the Court to consider before entering a final decree); In re Mold Makers, Inc., 124 B.R. 766, 768-69 (Bankr. N.D. Ill. 1990) ("The Court finds the [Advisory Notes] to the new rule illuminative and essentially adopts its language. Noteworthy, however, is that all of the factors in the [Advisory Notes] need not be present before the Court will enter a final decree"). Importantly, the Advisory Notes observe that "[e]ntry of a final decree closing a chapter 11 case should not be delayed solely because the payments required by the plan have not been completed." See also In re Johnson, 402 B.R. 851, 856 (Bankr. N.D. Ind. 2009) ("Although the debtor has not completed plan payments, that does not prevent a case from being fully administered."); In re D&L Nicolaysen, 228 B.R. 252, 261 (Bankr. E.D. Cal. 1998) ("A case may be fully administered even though all payments to creditors have not been completed.")

    15.    In addition to the factors set forth in the Advisory Committee Note, courts have considered whether the plan of reorganization has been substantially consummated. See Walnut Assocs. v. Saidel, 164 B.R. 487, 493 (Bankr. E.D. Pa. 1994) (considering substantial consummation of a chapter 11 plan as a factor and noting that the Advisory Notes correspond to

the elements necessary for substantially consummation). To determine whether a bankruptcy estate has a substantially consummated case for the purposes of entering a final decree, a court may apply the requirements established by section 1101(2) of the Bankruptcy Code to the case sought to be closed. See Walnut Assocs., 164 B.R. at 493. Section 1101(2) defines substantial consummation as follows:

  b. transfer of all or substantially all of the property proposed by the plan to be transferred;

  c. assumption by the debtor or by the successor to the debtor under the plan of the business or of the management of all or substantially all of the property dealt with by the plan; and

  d. commencement of distributions under the plan.

11 U.S.C. § 1101(2).

16. The Liquidator respectfully submits that the Avadamma Case has been "fully administered" within the meaning of section 350 of the Bankruptcy Code and the factors set forth in the Advisory Notes, making it appropriate for the Court to enter a final decree closing the case. Specifically:

  a. the Plan was confirmed on April 23, 2013 and became effective as to Avadamma on June 27, 2013;

  b. the Confirmation Order was not appealed and thus is final;

  c. any deposits and property transfers provided for by the Plan have been completed;

  d. other than the Pending Matters, the distributions provided for under the Plan to each class of Avadamma's creditors have have been made in accordance with the terms of the Plan;

  e. all motions (other than this Motion), adversary proceedings, or contested claims in the Avadamma Case have been resolved; and

  f. the Plan has been substantially consummated because property transfers provided for by the Plan have been completed, the Liquidator has assumed management of Avadamma's property pursuant to the Plan, and the

Liquidator has commenced distributions with respect to the Avadamma Case under the Plan.

17. Application of the factors described above demonstrate that the Avadamma Case has been "fully administered." All issues, with the exception of the Pending Matters, have been fully resolved with respect to the Avadamma Case as of the filing of the Motion. As noted above, the Liquidator anticipates that the Pending Matters will be resolved and remaining funds distributed within the next several weeks. The Pending Matters should therefore not prevent the closing of the Avadamma Case. Approval of this Motion, moreover, will allow Avadamma to avoid incurring unnecessary quarterly U.S. Trustee fees. Bankruptcy courts have noted that entry of a final decree is appropriate to stop the accrual of fees under 28 U.S.C. § 1930(a)(6). See, e.g., In re Jr. Food Mart of Arkansas, Inc., 201 B.R. 522, 524 (Bankr. E.D. Ark. 1996) (closing case "in order that no further [section 1930(a)(6)] fees accrue"); In re Jay Bee Enter., Inc., 207 B.R. 536, 539 (Bankr. E.D. Ky. 1997) (concluding that "it seems appropriate to close this case to stop the financial drain on the debtor" on account of the continuing accrual of section 1930(a)(6) fees).

18. Accordingly, the Liquidator respectfully requests the Court enter a final decree pursuant to section 350(a) of the Bankruptcy Code and Bankruptcy Rule 3022 closing the Avadamma Case.

### Notice

19. The Liquidator has caused notice of this Motion to be given to the following parties: (a) the U.S. Trustee; (b) counsel to Brenda Porter Helms, the chapter 7 trustee in the jointly administered cases of Pethinaidu Veluchamy and Parameswari Veluchamy; (c) all creditors of Avadamma in accordance with Local Rule 3022-1; and (d) all parties who have filed

KE 34333980

appearances or requested notices through the Court's CM/ECF system. The Liquidator submits that, in light of the nature of the relief requested, no other or further notice need be given.

### Prior Request

15. No prior motion for the relief requested herein has been made to this or any other court.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

KE 34333980

WHEREFORE, for the reasons set forth herein, the Liquidator respectfully requests that the Court enter an order, substantially in the form attached hereto as **Exhibit A**: (a) granting a final decree closing the Avadamma Case; and (b) granting related relief.

Dated: December 18, 2014  
Chicago, Illinois

/s/ *David L. Eaton*  
James H.M. Sprayregen, P.C. (IL Bar No. 6190206)  
David L. Eaton (IL Bar No. 3122303)  
Ryan Preston Dahl (IL Bar No. 6292645)  
**KIRKLAND & ELLIS LLP**  
300 North LaSalle Street  
Chicago, Illinois 60654  
Telephone: (312) 862-2000  
Facsimile: (312) 862-2200

*Counsel to the Liquidator*

## EXHIBIT A

Proposed Form of Order